IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| Patricia J. Porter, | : | CASE NO. 17-42082-PWB |
| | : | |
| DEBTOR, | : | |
| _____ | : | |
| | : | |
| EDWARD SCOTT RICE AND MARY RICE, | : | ADVERSARY PROCEEDING |
| | : | NO.: _____ |
| PLAINTIFFS, | : | |
| | : | |
| VS. | : | |
| | : | |
| PATRICIA J. PORTER, | : | |
| | : | |
| DEFENDANT. | : | |

## **COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2), 523(a)(4)**

COMES NOW, Plaintiffs, Edward Scott Rice and Mary Rice ("the Rices"), by and through their undersigned counsel and pursuant to 11 U.S.C. § 523(a)(2) and Rule 7001 of the Federal Rules of Bankruptcy Procedure, files this Complaint to Determine the Dischargeability of a Debt Pursuant to 11 U.S.C. § 523(a)(2) and § 523(a)(4) against Patricia J. Porter ("Porter"), and states as follows:

### I. Parties

1. On October 4, 2017 (the "Petition Date"), Porter filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy case").

2. Pursuant to Bankruptcy Rule 4007, the deadline within which to timely file complaints to determine the dischargeability of debts in the Bankruptcy Case is January 5, 2018, which has not yet passed.

3. Porter is an individual and, upon information and belief, a resident of Georgia.

4. The Rices are residents of Georgia, and are creditors of Porter.

## II. Jurisdiction and Venue

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

6. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1409.

7. This adversary proceeding is a core proceeding under 28 U.S.C. § 157 (b)(2).

## III. FACTUAL ALLEGATIONS

### A. The Agreement to Sell Real Estate Contract

8. On or about December 3, 2016, Porter executed an Agreement to Sell Real Estate Contract ("the Contract"), pursuant to which The Rices promised to purchase from Porter real property located at 548 Agan Road, Bremen, GA ("the Property"), that Porter owned in Haralson County, Georgia. A true and accurate copy of the contract is attached hereto as "**Exhibit A**."

9. The Rices agreed to purchase the Property for $125,000.00, dependent on the Rices arranging suitable financing within 90 days.

10. The Rices paid Porter $20,000.00 as an Earnest money deposit for the Property. A true and accurate copy of the contract is attached hereto as "**Exhibit B**."

11. The Contract included a clause which provide that if the Rices were "unable to obtain suitable financing at least thirty (30) days prior to closing, then this money will be returned to the Buyer without penalty or interest."

12. The Rices were unable to obtain suitable financing.

13. The Rices properly demanded the earnest money deposit back.

14. The Rices complied with the terms of the contract.

15. The earnest money deposit was never Porter's to use as her own.

16. Porter did not refund The Rices the $20,000.00 which they paid her for as

an earnest money deposit on the Property.

17. The intentional misrepresentations made by Porter caused The Rices to deposit with her $20,000.00 as earnest money which Porter knew she would not return to the Rices.

18. The amount due and owing from Porter to The Rices is $20,000.00.

## B. Basis for Relief

19. Porter obtained money from The Rices by false pretenses, false representations, and/or actual fraud.

20. At the time Porter made the representations or omission of material fact to The Rices that are set forth above, Porter knew they were false.

21. Porter made the representations of omission of material fact to The Rices that are set forth above with the intention and purpose of deceiving The Rices.

22. The Rices relied on the representations or omission of material fact made by Porter to The Rices that are set forth above.

23. The Rices's reliance on the representations or omission of material fact made by Porter to The Rices that are set forth above was justified.

24. As a proximate result of the representations or omissions of material fact made by Porter to The Rices that are set forth above, The Rices have sustained loss and have been damaged.

25. By executing the Contract, Porter and the Rices intended to create an express or technical trust with respect to the earnest money.

26. Porter was Trustee and the Rices were beneficiaries with respect to the earnest money.

27. There was a fiduciary relationship between Porter and the Rices.

28. Porter did not have unrestricted use to the earnest money.

29. Porter was not entitled to treat the earnest money as her own.

30. Upon information and belief, Porter misappropriated the earnest money.

31. Upon information and belief, Porter appropriated the earnest money for her own use or benefit.

32. Upon information and belief, Porter appropriated the earnest money with fraudulent intent.

33. Upon information and belief, Porter converted the earnest money.

34. The representations, acts, and omission of material fact made by Porter to The Rices that are set forth above were wrongful.

35. The representations, acts, and omission of material fact made by Porter to The Rices that are set forth above were done intentionally.

36. The representations, acts, and omission of material fact made by Porter to The Rices that are set forth above necessarily caused injury to The Rices.

37. The representations, acts, and omission of material fact made by Porter to The Rices that are set forth above were done without just cause or excuse.

### **COUNT 1: 11 U.S.C. § 523(a)(2)(A)**

38. The Rices repeats and realleges paragraphs 1-37 above as though fully set forth herein.

39. The debt arising from the money Porter obtained from The Rices by false pretenses, false representations, and/or actual fraud related to the Agreement to Sell Real Estate is a nondischargeable debt of Porter pursuant to 11 U.S.C. § 523(a)(2)(A).

40. The debt is a nondischargeable debt of Porter pursuant to 11 U.S.C. § 523(a)(2)(A).

### **COUNT 2: 11 U.S.C. § 523(a)(4)**

41. The Rices repeats and realleges paragraphs 1-40 above as though fully set forth herein.

42. The debt arising from the failure to return the earnest money to the Rices is a result of defalcation while acting in a fiduciary capacity, and is a nondischargeable debt of Porter pursuant to 11 U.S.C. § 523(a)(4).

43. The debt is a nondischargeable debt of Porter pursuant to 11 U.S.C. § 523(a)(24).

WHEREFORE, The Rices prays that this Court:

a) Enter an Order against Defendant, declaring the debt in the amount of

    $20,000.00 as non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

b) Enter an Order against Defendant, declaring the debt in the amount of $20,000.00 as non-dischargeable pursuant to 11 U.S.C. § 523(a)(4);

c) Tax all Court costs including attorney's fees against Defendant; and

d) For such further Relief as is just and proper.

This __5th__ day of January, 2018.

            Respectfully submitted,

            By: /s/ *Charles E. Nye*
            Charles E. Nye
            GA State Bar No. 521322
P.O. Drawer 1330        Attorney for Plaintiff
Bremen, GA 30110
(770) 537-5848
(771) 537-3899 (facsimile)
cnye@jwitcher.com E-mail