IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: | : |
| PATRICIA JANE PORTER, | : |
| Debtor. | : CHAPTER 13 |
| TALBOT STATE BANK, | : CASE NO. 17-42346-MGD |
| Movant, | : JUDGE MARY GRACE DIEHL |
| vs. | : |
| PATRICIA JANE PORTER, | : |
| Respondent. | : |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Comes now, Talbot State Bank ("Movant" or "Talbot")) in the above-entitled cause and as its Motion for Relief from the Automatic Stay shows the Court as follows:

1.

This motion seeking relief from the automatic stay under 11 U.S.C. §362 of the Bankruptcy Code is a proceeding which may be initiated by motion under the Rules of Bankruptcy Procedure.

2.

That the Debtor has filed a petition for relief under Chapter 13 of the Bankruptcy Code on October 4, 2017.

3.

That at the time of filing said petition, the Debtor was indebted to Movant on a Note secured by property that has the address of 207 Alexander Avenue, Lindale, GA (the "Property") as

evidenced by a Deed to Secure Debt dated August 24, 2016, recorded in Deed Book 2476, Page 669-675, Floyd County Georgia records.

4.

That the Debtor has failed to make post-petition payments direct to Movant pursuant to her/ Chapter 13 Plan and the loan is now in default and in arrears post-petition three (3) monthly installments through February 23, 2018.

5.

That Movant filed an Objection to Confirmation, which was heard by Court on February 21, 2018. This honorable Court ordered that the automatic stay of §362(a) is Modified as to Talbot State Bank and the Property, to allow Talbot State Bank to proceed with advertising for the foreclosure of the Property in March, with a scheduled foreclosure date on the first Tuesday of April. The Order further provided that should the Debtor tender one (1) month's mortgage payment, along with Talbot's cost of advertising to Talbot no later than the close of business on March 9, 2018, then the automatic stay shall be automatically re-imposed (see Docket No. 36 dated February 28, 2018).

6.

That the Debtor failed to tender the referenced payment in paragraph 5 above.

7.

That Movant is presently unable to enforce its contractual rights to foreclose, confirm, repossess or evict if necessary unless the Court terminates, annuls, modifies, or otherwise conditions the automatic stay under 11 U.S.C. §362.

8.

That there is no equity in the Property for the benefit of the Debtor or the Chapter 13 estate.

9.

That good cause, including a lack of adequate protection, exists for granting to Movant relief from the automatic stay to Validate the foreclosure which will take place on the 1st Tuesday of April, 2018.

10.

That Movant is further entitled to recover as part of its secured claim in this case, its expenses, including a reasonable attorney's fee, incurred in this case and for the bringing of this motion to the extent that the Property may have market value exceeding the net outstanding balance due to Movant on its claim.

11.

That Movant requests a waiver of the requirements of Rule 4001(a)(3) and 3002.1 in the event relief is granted.

WHEREFORE, Movant respectfully requests:

(a) That the automatic stay be terminated effective the date of this Court's Order referenced in paragraph 5 above, so as to permit it to exercise its contract and state law remedies, including but not limited to non-judicial and/or judicial foreclosure, confirmation of the foreclosure sale(s), if appropriate, for the purpose of preserving its right to file an unsecured deficiency claim in the Debtor's case, enforcement of the assignment of leases and rents agreement, taking possession of its collateral and obtaining a writ of possession subsequent to foreclosure;

(b) That Movant have and recover from the proceeds of the disposition of said real property its reasonable expenses, including attorney's fees;

(c) That a waiver of Rule 4001(a)(3) and 3002.1 be permitted; and

(d) That the Court grant such other and further relief as may be equitable and just under the circumstances.

                                      MANN & WOOLDRIDGE, P.C.

                                      By:/s/ *R. Brian Wooldridge*
                                          R. Brian Wooldridge
                                          Attorney for Movant
                                          State Bar No. 775981

P. O. Box 310
Newnan, GA  30264-0310
(770) 253-2222
bwool@mwklaw.org

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: | : |
| | : |
| PATRICIA JANE PORTER, | : |
| | : |
| Debtor. | : CHAPTER 13 |
| | : |
| TALBOT STATE BANK, | : CASE NO. 17-42346-MGD |
| | : |
| Movant, | : JUDGE MARY GRACE DIEHL |
| | : |
| vs. | : |
| | : |
| PATRICIA JANE PORTER, | : |
| | : |
| Respondent. | : |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Talbot State Bank has filed a Motion for Relief from Stay and related papers with the Court seeking an order granting relief.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion for Relief, U.S. Courthouse in Courtroom 342, 600 East First Street, Rome, GA 30161, at **10:15 a.m.** on the **28th** day of **March**, 2018.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two (2) business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, 600 East First Street, Rome, Georgia 30161. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

DATED: 3/14/18

/s/ R. Brian Wooldridge
R. Brian Wooldridge, Ga. Bar #775981
Attorney for Movant(s)
P.O. Box 310
Newnan, GA 30264-0310
770-253-2222
bwool@mwklaw.org

## CERTIFICATE OF SERVICE

I, R. Brian Wooldridge of Mann & Wooldridge, P.C., P.O. Box 310, Newnan, GA 30264-0310 certify:

That I am, and at all time hereinafter mentioned was, more than 18 years of age:

That on the __14th__ day of __March__, 2018, I served a copy of the within NOTICE OF ASSIGNMENT OF HEARING together with the "Motion for Relief from Stay" filed in this bankruptcy matter on:

Patricia Jane Porter
3834 Rosedale Lane
Douglasville, GA 30135

Howard P. Slomka
Slipakoff & Slomka, PC
Overlook III - Suite 1700
2859 Paces Ferry Rd, SE
Atlanta, GA 30339

Mary Ida Townson
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740

the respondent(s) in this bankruptcy matter by United States Mail in properly addressed envelopes with adequate postage thereon to insure delivery to said respondent.

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on __3/14/18__          By _s/ R. Brian Wooldridge_
                                                          R. Brian Wooldridge

Mann & Wooldridge, P.C.
P.O. Box 310
Newnan, GA 30264-0310
770-253-2222
bwool@mwklaw.org